**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BRANDON P. HRONICH,

       Plaintiff,

v.                                                                      No. 2:26-cv-00820-KRS

ANDREA HERNANDEZ,
CHRIS PENA, and
LAS CRUCES FEDERAL PROBATION OFFICE,

       Defendants.

**ORDERS TO SHOW CAUSE REGARDING: (1) IFP APPLICATION
AND (2) COMPLAINT, AND NOTICE TO PRO SE PARTY REGARDING
<u>CASE MANAGEMENT AND COMPLIANCE WITH RULE 11</u>**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 18, 2026 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed March 18, 2026 ("Application").

**Order to Show Cause Regarding the Application to Proceed *In Forma Pauperis***

Plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) which provides that the Court may authorize the commencement of any suit without prepayment[1] of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

---

[1] The statute governing proceeding *in forma pauperis*, 28 U.S.C. § 1915(a), allows the Court to authorize the commencement of an action without *pre*payment of fees, but does not waive the fees. Plaintiffs proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 are still obligated to pay to pay the fees.

> if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff states his monthly income exceeds his monthly expenses by $725.00. *See* Application at 2, 5 (stating his average monthly income during the past 12 months is $1,800.00, his expected income next month is $1,800.00 and his monthly expenses total $1,075.00). Plaintiff also states he has $6,000.00 in bank accounts. *See* Application at 2. It thus appears that Plaintiff is able to pay the $405.00 fee for initiating this case.

The Court orders Plaintiff to show cause why the Court should not deny his Application to proceed *in forma pauperis*.

**Order to Show Cause Regarding the Complaint**

The matter arises from the actions of Defendants Hernandez and Pena, who are Federal Probation Officers in the District of New Mexico. *See* Complaint at 3. Plaintiff alleges Defendants Hernandez and Pena violated Plaintiff's First Amendment rights by not permitting Plaintiff to attend church services. *See* Complaint at 1-3, 5.

The Court notifies Plaintiff that the Complaint contains some deficiencies, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may

2

point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

Plaintiff filed this case using the form "Civil Rights Complaint Pursuant to 42 U.S.C. 1983." The Complaint fails to state claims pursuant to Section 1983 against Defendants Hernandez and Pena because Section 1983 provides a remedy for violations of federal rights by *state or local* officials acting under color of state law. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"). Defendants Hernandez and Pena are federal officials. Accordingly, the Court construes Plaintiff's *pro se* Complaint as asserting claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (stating that *Bivens* actions are the "federal analog" to § 1983 actions).

"In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the U.S. Supreme "Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Recognizing that "a cause of action under *Bivens* is a disfavored judicial activity," the United States Supreme Court recently stated that "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *Egbert v. Boule,* 596 U.S. 482, 491-93 (2022).

It appears that the Complaint fails to state a claim against Defendants Hernandez and Padilla pursuant to *Bivens*. This Court has previously concluded that *Bivens* does not provide a remedy against federal probation officers:

3

> Neither the Supreme Court nor the Tenth Circuit has authorized an action under *Bivens* to redress a probation officers' alleged violation of the constitutional rights of a person on supervised release. On the contrary, the Tenth Circuit expressly declined to "authoriz[e] a new kind of federal litigation" by permitting a *Bivens* claim against a probation officer for an alleged violation of the right to familial association. *K.B. v. Perez*, 664 Fed. App'x. 756, 759 (10th Cir. 2016). To do so, the Court held, "would be contrary to the strong trend of limiting [*Bivens*'] reach." *Id.* Other circuits that have considered whether to extend *Bivens* to allow claims against federal probation officers by plaintiffs on supervised release have likewise declined to do so. *See Smith-Garcia v. Burke*, 815 Fed. App'x 187, 188 (9th Cir. 2020) (refusing to extend *Bivens* to a constitutional claim against a Probation Officer); *Elkins v. Elenz*, 516 Fed. App'x 825, 858 (11th Cir. 2013) (same).

*Crowe v. Gee*, No. 1:21-cv-503-KWR-KRS, 2022 WL 17360272, at *2 (D.N.M. Dec. 1, 2022).

The Complaint fails to state a *Bivens* claim against Defendant Las Cruces Federal Probation Office.  A "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

4

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 11(c); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court").

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

5

**ACCORDINGLY**:

1.      Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Failure to timely show cause may result in denial of Plaintiff's Application to proceed *in forma pauperis*.

2.      Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case for failure to state a legal claim for relief by filing an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

IT IS SO ORDERED this 20th day of March, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

6