**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BRANDON P. HRONICH,

       Plaintiff,

v.                                   No. 2:26-cv-00820-KRS

ANDREA HERNANDEZ and
CHRIS PENA,

       Defendants.

**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND
NOTICE REGARDING PROSECUTION OF CASE AND SERVICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed March 18, 2026 ("Application"), and Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 18, 2026 ("Complaint"), and Plaintiff's Complaint for Violation of the Religious Freedom Restoration Act, Ultra Vires Action, and First Amendment Free Exercise Violations, Doc. 8, filed April 9, 2026 ("Amended Complaint").

**Order Denying Application to Proceed *In Forma Pauperis***

The Court notified Plaintiff that it appears from the information Plaintiff provided in his Application to proceed *in forma pauperis* that Plaintiff is able to pay the $405.00 fee for initiating this case and ordered Plaintiff to show cause why the Court should not deny his Application. *See* Order to Show Cause at 2, Doc. 5, filed March 20, 2026. Instead of showing cause, Plaintiff paid the $405.00 fee. *See* Doc. 7, filed April 9, 2026. The Court, therefore, **DENIES** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed March 18, 2026, as moot.

**Notice Regarding Prosecution of Case and Service**

Plaintiff has an obligation to prosecute this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"). Plaintiff also has an obligation to serve Defendants.  *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service"). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

IT IS SO ORDERED this 16th day of April, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

2