**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| BRANDON HRONICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:26-cv-820-DLM-KRS |
| | ) | |
| ANDREA HERNANDEZ, a Senior | ) | |
| U.S. Probation Officer, in her individual | ) | |
| Capacity; CHRIS PENA, a Supervising | ) | |
| U.S. Probation Officer, in his individual | ) | |
| Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER TO SHOW CAUSE**

This matter is before the Court *sua sponte* upon review of the docket and case status.

***Background***

Plaintiff, acting pro se, filed the complaint as well as an application to proceed *in forma pauperis* ("IFP") on March 18, 2026. (Doc. 1). On March 20, 2026, the Court reviewed the complaint pursuant to its inherent authority to point out deficiencies, *Lowrey v. Sandoval County Children Youth and Families Department*, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023), and ordered Plaintiff to show cause why the complaint should not be dismissed for failure to state a claim for relief against the two federal probation officer defendants, Andrea Hernandez and Chris Pena. *See* (Doc. 5). The Court also directed Plaintiff to show cause why his IFP application should not be denied.

On April 9, 2026, Plaintiff paid the filing fee, rendering his IFP application moot. *See* (Docs. 7, 9). Plaintiff also filed an Amended Complaint. (Doc. 8). Because Plaintiff paid the filing fee, the Court did not conduct any sufficiency review of the Amended Complaint. The Court

instead notified Plaintiff of his obligation to prosecute the case, including his obligation to serve Defendants, *see* (Doc. 9 at 2 (citing Fed. R. Civ. P. 4(c)(1)), and warned Plaintiff that the Court may dismiss the action *sua sponte* if Plaintiff fails to prosecute or comply with the rules of civil procedure or a court order (*id.* (quoting *Gustafson v. Luke*, 696 Fed. Appx. 352, 354 (10th Cir. 2017) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)))).

On April 24, 2026, proofs of service for Defendants Hernandez and Pena were entered on the docket indicating that Defendants were personally served on April 24, 2026, and that a response to the Amended Complaint was due from those Defendants by June 30, 2026. (Docs. 12, 13). No response from either Defendant has been filed to date, however. On June 29, 2026, Plaintiff filed two certified letters from the United States Attorney's Office, District of New Mexico ("USAO, DNM"), dated June 25, 2026 and addressed to Plaintiff. (Docs. 14, 15). The letters indicate that the USAO, DNM received a summons and complaint in this matter, but that "the attempted service does not comply with the Federal Rules of Civil Procedure for service of process upon the United States." (*Id.*).

### *Discussion*

Federal Rule of Civil Procedure 4(i) governs service of process on the United States and its Agencies, Corporations, Officers, or Employees. Rule 4(i)(3) provides that, where, as here,

> a United States officer or employee [is] sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."

Fed. R. Civ. P. 4(i)(3).

As previously noted, the docket indicates the Defendants Hernandez and Pena were personally served in compliance with Rule 4(e)(2)(A) on April 24, 2026. (Docs. 12, 13). However,

2

because Defendants Hernandez and Pena are federal officers and the Amended Complaint alleges claims against them in their individual capacities for acts or omissions occurring in connection with duties they performed on the United States' behalf, Rule 4(i)(3) requires that, to complete service on Defendants Hernandez and Pena, Plaintiff also must serve the United States.

Plaintiff has not filed any proof that he served the United States in addition to Defendants Hernandez and Pena. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). Plaintiff has filed letters from the USAO, DNM, but those letters indicate that previous attempts to serve the United States through service on the USAO, DNM, *see* Fed. R. Civ. P. 4(i)(1)(A) (specifying how to serve the United States through service on the United States attorney for the district where the action is brought), were defective. Because the docket does not show that service was effected on the United States, it appears that Plaintiff has not completed service on either individual officer Defendant.

Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). More than 90 days have passed since the Amended Complaint was filed, and the docket does not show that service on either Defendant has occurred. WHEREFORE, IT IS HEREBY ORDERED that, in order to avoid dismissal of this action, **on or before Monday, August 3, 2026**, Plaintiff must either (1) provide proof of effective service on the United States; or (2) request an extension of the service deadline by providing the Court with a written explanation showing good cause why service has not been made to date.

3

IT IS SO ORDERED this 21st day of July, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE